## APPEAL OF HALBERT K. HITCHCOCK.

Docket No. 6107.   Decided July 20, 1926.

PATENTS; BASIS OF DEDUCTION FOR EXHAUSTION.—The owner of certain patents in the year 1912 granted the exclusive right of user during the life of the latest patent. The basis for the statutory deduction on account of exhaustion *held* to be the March 1, 1913, value of the contract, and, upon the evidence, the value of that contract found to be the amount of $100,000.

*Chester A. Gwinn, Esq.,* for the petitioner.
*B. G. Simpich, Esq.,* for the Commissioner.

50144°—27——21

Before TRUSSELL and LITTLETON.

This is an appeal from the determination of deficiencies in income taxes, to wit, $205.18 for the year 1918; $156.77 for the year 1919; $205.13 for the year 1920, and $866.66 for the year 1921, making a total deficiency of $1,433.74. The petitioner claims that the Commissioner erred in his finding of the March 1, 1913, value of a certain leasing contract with the Pittsburgh Plate Glass Co., hereinafter referred to as the Glass Company, for the exclusive right to use certain patents owned by the petitioner, and that the Commissioner erred in not allowing sufficient deduction for exhaustion of the value of the said leasing contract for each of the years in question.

### FINDINGS OF FACT.

The taxpayer is an individual residing in Pittsburgh, Pa., and his profession is that of consulting engineer.

During the period from 1904 to May 17, 1912, the petitioner made certain inventions of machinery and processes for the grading and the application of abrasives, for smoothing and polishing plate glass, and acquired United States patents therefor as follows:

| Date of Application. | Date of Issue. | No. of Patent. |
|---|---|---|
| July 19, 1907 | Sept. 21, 1909 | 934441 |
| July 19, 1907 | Sept. 21, 1909 | 934442 |
| July 19, 1907 | Sept. 21, 1909 | 934611 |
| July 19, 1907 | Sept. 21, 1909 | 934612 |
| July 31, 1911 | Mar. 18, 1913 | 1056415 |
| July 31, 1911 | Mar. 18, 1913 | 1056416 |
| May 17, 1912 | Mar. 10, 1914 | 1089705 |

All of these patents covered machinery and processes relating to the production and polishing of plate glass and have become known in the plate glass industry as the Hitchcock apparatus.

On November 23, 1910, the petitioner entered into a contract with the Glass Company, under which the Glass Company acquired the right to experiment with the apparatus represented by the first four patents issued in 1909, together with an option to acquire the exclusive user of said patents. On the 13th day of January, 1912, he entered into another contract with the Glass Company, under which that company acquired the right to acquire the exclusive user of the improvements represented by the three patents applied for July 31, 1911, and May 17, 1912, and thereafter issued on March 18, 1913, and March 10, 1914. On September 7, 1912, the Glass Company exercised its option and acquired the exclusive user of all the machines and apparatus and processes represented by the seven patents for and during the period of the life of the latest patent.

The contract between the petitioner and the Glass Company provided that the Glass Company should pay to the petitioner annually

an amount of not less than $5,000 per year, or royalties on a sliding scale in proportion to the amount of plate glass treated by the processes and apparatus.

During the year 1912, the petitioner received royalties in the amount of $9,002.52, and during the year 1913 he received royalties in the amount of $9,997.76. During the period from 1912 to 1925, inclusive, the petitioner received total royalties in the amount of $169,979.49, the amount of royalties increasing gradually in proportion to the increased output of the Glass Company's factories.

In the month of December, 1912, one of the vice presidents of the Glass Company, acting on behalf of said company, offered to purchase all of these patents outright and thereby cancel the contract for royalty payments, and to pay therefor the sum of $100,000. This offer was rejected by the petitioner as inadequate.

The Commissioner determined the March 1, 1913, value of the petitioner's leasing contract on the basis of the earning power of the minimum annual payments of $5,000, finding such value to be $49,315, and allowed an annual deduction for exhaustion in the amount of $3,793.46. The petitioner brought this proceeding for a redetermination of said March 1, 1913, value and the annual allowance for exhaustion thereon.

## OPINION.

TRUSSELL: The testimony presented in this proceeding is in the form of depositions taken at Pittsburgh, Pa. At the taking of such depositions the Commissioner objected to testimony given by officers of the Glass Company concerning the value of the patents to the Glass Company and their opinions as to the value of the leasing contract to the petitioner. Like objection was made by the Commissioner to the testimony concerning the amounts of royalty payments received by the petitioner for years subsequent to 1913. All of this evidence, although not to be considered as determinative of the March 1, 1913, value of the leasing contract is, under the rule of *Dwight & Lloyd Sintering Co.*, 1 B. T. A. 179, admissible as corroborative of the values claimed by the petitioner and the offer made by the Glass Company in 1912.

The record of this appeal is replete with evidence which convinces us that the petitioner's patents cover a mechanical apparatus and process which was revolutionary in the plate glass industry; that they are basic in character; and that immediately upon their completion they had a value far in excess of any amount that the petitioner has, or ever will realize, from their use. The true value of the patents, however, is not here in issue. The petitioner sold the right to use the patents during their entire life under the terms of written leasing agreements and, therefore, the capital value to him is repre-

sented by the value of the leasing contract and not by the patents themselves. It is fully established by the testimony that in December, 1912, the lessee placed a value upon that contract of not less than $100,000 and that the petitioner placed a value thereon in excess of that amount. The best evidence of value of an article at a given time and for which there is no established market is the amount which a prospective buyer may be willing to pay and an amount which a willing seller may choose to accept. The testimony establishes that such amount was not less than $100,000 in December, 1912. This value did not decrease between December, 1912, and March 1, 1913. We are, therefore, constrained to hold that the Commissioner's computation of March 1, 1913, value, based upon the minimum annual payments provided for by the leasing contract, has been overcome by competent evidence, and we therefore find that, for the purpose of the exhaustion deduction provided for by the Revenue Acts of 1918 and 1921, the value of the petitioner's leasing contract on March 1, 1913, was the sum of $100,000, and that for the years here under consideration the petitioner should be allowed a deduction for exhaustion of such value on the basis of the number of years and months between March 1, 1913, and the date of the expiration of the latest patent, March 10, 1931.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*

KORNER, *Chairman*, and TRAMMELL concur in the result only.